UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERICK G. LANDEROS,

                            Plaintiff,                                <u>REPORT AND
RECOMMENDATION</u>

            -against-                                                  CV 11-4209 (ADS) (ETB)

P.O. THOMAS M. COSTELLO, Shield 1539, P.O,
"JOHN" SEMETSIS,

                            Defendant.
------------------------------------------------------------------------X

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

      This is a civil rights action commenced by the plaintiff in August 2011. Plaintiff alleges the use of excessive force by a Nassau County Police Officer related to plaintiff's arrest on May 5, 2011.

      Plaintiff's retained counsel, Robert Dembia, was relieved on December 8, 2011 on the grounds supported by affidavit - that counsel was unable to communicate with his client. Although the plaintiff was directed to be present at the hearing on the motion to be relieved, plaintiff failed to appear, despite adequate notice. On that date - December 8, 2011 - in addition to granting counsel's motion to be relieved, the Court adjourned the action to February 2, 2012 to afford the plaintiff the opportunity to retain new counsel. In the event that counsel was not retained, plaintiff was directed to appear in court in person. The Nassau County Attorney has filed a certificate of service of that Order by mail on the plaintiff at the Brentwood, New York address provided by plaintiff's outgoing counsel on December 8, 2011.

      Plaintiff failed to appear in court on February 2, 2012, as ordered, and has failed to

otherwise communicate with the Court with respect to his failure to appear.

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, that the Court "may issue any just orders, including those authorized by Rule 37 (b)(2)(A)(ii)-(vii) if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The Rule 37 sanctions incorporated into Rule 16 include an order "dismissing the action or proceeding in whole or in part. . . ." Fed. R. Civ. P. 37(b)(2)(A)(v).

The fact that plaintiff appears pro se does not insulate him from dismissal for failure to comply with the orders of the court. See, e.g., Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303 (2d Cir. 2009) (affirming district court's dismissal of a pro se employment discrimination action for failure to comply with the Magistrate Judge's discovery orders); Lediju v. New York City Dep't of Sanitation, 173 F.R.D. 105, 113 (S.D.N.Y. 1997)(dismissing case for pro se plaintiff's failure to obey court scheduling orders); Martin v. Metropolitan Museum of Art, 158 F.R.D. 289, 292-93 (S.D.N.Y. 1994) (dismissing case for pro se plaintiff's failure to produce documents so that the "case stands still at a preliminary stage"); Muina v. H.P.D., No. 91 Civ. 4154, 1994 U.S. Dist. LEXIS 2840, at *1, 2 (S.D.N.Y. Mar. 14, 1994) (dismissing case for pro se plaintiff's failure to obey court orders). As the Second Circuit has observed, "all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988); see also Agiwal, 555 F.3d at 302 ("Pro se litigants . . . are not immune to dismissal as a sanction for noncompliance with discovery orders.").

In addition, a court has the discretion under Federal Rule of Civil Procedure 41(b) to dismiss a complaint for failure to comply with a court order, "treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing cases). It is the plaintiff's duty to prosecute a case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Failure to do so may result in dismissal of the action. See id.

RECOMMENDATION

For the foregoing reasons, I recommend that this action be dismissed, without prejudice, pursuant to Rules (16)(f) and 41(b) of the Federal Rules of Civil Procedure.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
February 3, 2012

                                                  /s/ E. Thomas Boyle
                                                E. THOMAS BOYLE
                                                United States Magistrate Judge